CITY OF LA CROSSE, Appellant, vs. WISCONSIN-MINNESOTA
LIGHT & POWER COMPANY, Respondent.

*May 7—June 5, 1923.*

*Public utilities: Excessive rates: Action to enjoin: Necessity
of resorting to railroad commission first: Res adjudicata:
Persons not parties to proceedings.*

1. A controversy between a municipality and a public-service
   corporation to enjoin the enforcement of rates claimed to be
   excessive and to recover the amounts paid by the munici-
   pality in excess of the proper rates presented questions that
   must first be disposed of by the railroad commission before
   resorting to an action in court.
2. Where, on appeal from an order of the railroad commission
   fixing the rates to be charged by a public-service company,
   the circuit court reversed the order and remanded the matter
   to the railroad commission for further proceedings, and such
   determination of the circuit court was affirmed on appeal to
   the supreme court, a city not a party to such proceeding
   cannot claim that the decision of the court, that the rates ap-
   proved by the railroad commission were unreasonable and
   excessive as to the cities which were parties to such proceed-
   ing, was an adjudication that such rates were excessive as
   to it.

APPEAL from an order of the circuit court for La Crosse
county: E. B. BELDEN, Judge. *Affirmed.*

The plaintiff, a municipal corporation, sued the defend-
ant, a public utility corporation, alleging two causes of ac-
tion. The first set forth, in substance, that defendant is
engaged in and has the exclusive monopoly to furnish elec-
tric energy for light and power and other purposes to the
plaintiff city and its residents. That defendant was au-
thorized and permitted by law to charge certain lawful rates
set out in detail in the complaint. That the defendant has
collected from the plaintiff for electric energy served to it
at its city hall and other municipal enterprises between
August 9, 1922, to the 9th day of December, 1922, $633.74
as an illegal charge and collection for such services, and

that the proper and legal amount, according to the rates as therein set forth, was not more than $488.37. That defendant received from the plaintiff the difference between the two sums, $145.37, to the use of the plaintiff; that demand has been made for such sum and payment refused, and judgment for such demanded.

The second cause of action recited the facts above set forth except as to the amount claimed to have been illegally collected, and further alleged that such defendant was furnishing such electrical energy to not less than 6,500 citizens within the plaintiff city.

That since October 9, 1920, the defendant has and now does give out and threaten that it will in the future, until and unless restrained by lawful authority, charge and collect for said electrical energy at the rate specified in said complaint, which is in excess of that specified to be legal in the first cause of action.

That the claimed authority by the defendant to charge said higher rates is that the same were included in an order and decision of the railroad commission of Wisconsin of October 9, 1920, in an application then before said commission by the defendant for authority to revise its rates for electric current furnished in the plaintiff and in thirty-nine other municipalities in the state; that such order was vacated and set aside by judgment of the circuit court for Dane county (October 6, 1921) in an action brought by the cities of Eau Claire, Chippewa Falls, and Menomonie against the commission and the defendant here, which judgment was here affirmed October 10, 1922 (178 Wis. 207, 189 N. W. 476).

It further recites allegations as to the reasons or necessity for the plaintiff bringing such second cause of action on its own behalf and of the many consumers affected thereby within its limits. It seeks to enjoin and restrain the defendant from further attempting to collect the rates as fixed by the order of October 9, 1920, so far as the plaintiff city and the consumers within its limits are concerned.

The defendant demurred substantially as follows: That several causes of action have been improperly united, and

To the first cause:

That the court has no jurisdiction of the subject of the action; that it does not state facts sufficient to constitute a cause of action; and

To the second cause:

The same specific objections as to the first:

On the ground that there is a defect of parties defendant by reason of the omission of the railroad commission of Wisconsin.

The plaintiff applied for a temporary injunction restraining the defendant *pendente lite* from collecting rates in excess of those set forth in the first cause of action.

This action was commenced December 15, 1922. On January 11, 1923, plaintiff's application for a temporary injunction was denied. On March 3d an order was entered sustaining the defendant's demurrer to the complaint, with leave granted to amend. On March 10, 1923, plaintiff appealed from the order sustaining the demurrer only.

The cause was submitted for the appellant on the brief of *Oscar J. Swennes* of La Crosse, and for the respondent on that of *Lees & Bunge* of La Crosse.

ESCHWEILER, J. The first cause of action in the complaint fails to allege when the established rates, declared to be legal, were made, prior to or after October 8, 1920; and it appearing as a conceded fact by the demurrer that an unreasonable and excessive rate had been charged and collected, there would be stated a good cause of action under the recent ruling of this court in *Waukesha G. & E. Co. v. Waukesha M. Co.* 175 Wis. 420, 184 N. W. 702, as an action brought to redress a past wrong or grievance by the defendant utility. To so pass on this matter would result in but an idle formality and the mere returning of the record for a future presentation, by amended complaint or answer, of the undisputed facts. The parties hereto evi-

dently submitted it to the trial court and have submitted it here upon a more complete state of facts than appears in the complaint, and we shall therefore dispose of it upon all of the conceded facts as they were, in large measure, before us in the cases of Eau Claire and others against this defendant (178 Wis. 207, 189 N. W. 476) and as they now are presented in the briefs in this case.

The railroad commission on October 9, 1920, made an order, upon defendant's application, increasing the rates that might be charged to the consumers in a large number of Wisconsin municipalities including the plaintiff.  Feeling aggrieved by such order, three municipalities and no more commenced separate actions in the circuit court for Dane county to review such order, and such actions by the cities of Eau Claire, Chippewa Falls, and Menomonie respectively were, by consent, heard together in said circuit court and afterwards on appeal here.

The circuit court reversed the order of the commission upon certain grounds and vacated and set aside such order, and further directed that the record be remanded to the railroad commission and the controversy be recommitted to such commission for such further proceedings as may be required to finally dispose of the same.

Upon appeal to this court the several judgments of the circuit court were affirmed on the ground that the commission, in fixing the rates, failed to recognize the individual municipality as a unit and for that reason proceeded upon an erroneous fundamental basis.

Upon the situation as thus outlined the demurrers to the complaint here and to the several causes of action attempted to be set forth therein were properly sustained.  First and foremost because the controversy between the plaintiff, the other municipalities, and the defendant utility present questions to be first disposed of by the railroad commission before resort can be had to such action as this.

Again, the particular controversy concerning the rates to

be charged by the defendant to the plaintiff and the other municipalities was expressly remanded by the Dane county circuit court to the railroad commission for further proceedings, is still there pending, and must be taken up and disposed of by proper proceedings there. Furthermore, the plaintiff here was not a party to the action brought by the cities of Eau Claire, Chippewa Falls, and Menomonie to review the order of October, 1920, and cannot rely upon such judgment or its affirmance in this court as a proper foundation for either of its alleged causes of action here. The determination in that case that the rates fixed by the October, 1920, order for Eau Claire, Chippewa Falls, and Menomonie were predicated upon an improper basis and were unreasonable because excessive to those cities, is not an adjudication that such order fixed an unreasonable, because excessive, rate as against the plaintiff.

It being clear, therefore, that plaintiff cannot, upon the undisputed facts, properly maintain either cause of action, the decision of the trial court in sustaining the demurrers must be upheld.

*By the Court.*—Order affirmed.